UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIDNEY HOWARD,

    Petitioner,

v.                                         Case No. 8:08-cv-887-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Howard petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 2) and challenges his conviction for burglary and grand theft, for which conviction Howard serves fifteen years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 23) The respondent admits the petition's timeliness. (Response at 8 Doc. 23)

## **FACTS**[1]

The victim returned home during lunch and, upon entering his house, discovered a man stealing property from inside the home. The burglar fled while the victim called the police. A neighbor saw the burglar flee, followed the thief, and, when the police arrived in the area, directed the police to the burglar's location. The police arrested Howard, whom the victim identified as the person he encountered inside his home. The

---

[1] This summary of the facts derives from Howard's brief on direct appeal. (Respondent's Exhibit A)

victim noticed that, inside his home, a videocassette recorder, shotgun, and bow and arrow were removed from their usual place. Although charged with armed burglary, the jury returned a verdict of the lesser-included crime of burglary.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of

>materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011). Accord Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Federal courts must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, ___ U.S. ___, 130 S. Ct. 1855, 1866 (2010). See also Cullen v. Pinholster, ___ U.S. ___, 131 S.

- 3 -

Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a per curiam decision without a written opinion the state appellate court affirmed Howard's conviction and sentence on direct appeal. (Respondent's Exhibit F) Similarly, in another per curiam decision without a written opinion the state appellate court affirmed the denial of Howard's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit N)  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).  See also Richter, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

Pinholster, 131 S. Ct. at 1398.  Howard bears the burden of overcoming a state court factual determination by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  The state court's rejection of Howard's post-conviction claims warrants deference in this case.  (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit M)

## INEFFECTIVE ASSISTANCE OF COUNSEL

Howard claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

- 5 -

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Howard must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Howard must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."

466 U.S. at 690-91. Howard cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Howard must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes an independent assessment of "whether the state habeas court was objectively reasonable in its Strickland inquiry" but not an independent assessment of whether counsel's actions were reasonable. Putnam v. Head, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he

standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Richter, 131 S. Ct. at 788. See also Pinholster, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of Strickland and the AEDPA."), and Johnson v. Sec'y, Dep't of Corr., 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

In summarily denying Howard's motion for post-conviction relief, the state court specifically recognized that Strickland governs a claim of ineffective assistance of counsel. (Respondent's Exhibit M at 1-2) Because the state court rejected the claims based on Strickland, Howard cannot meet the "contrary to" test in Section 2254(d)(1). Howard instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts. The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

Ground One:

Howard alleges that trial counsel rendered ineffective assistance by failing to move to suppress Howard's post-Miranda statements because the warnings fail to advise him of his right to both (1) an attorney's presence during questioning and (2) stop answering questions at anytime to consult with an attorney. The state post-conviction court summarily rejected this claim as follows:

> In ground one, Defendant alleges ineffective assistance of counsel for failure to file a Motion to Suppress statements made during interrogation to detectives following an allegedly deficient reading of the Miranda warnings. The law requires that the defendant in a post-conviction proceeding establish a prima facie case based upon a legally valid claim; mere conclusory allegations are not sufficient to meet this burden. See Cook v. State, 792 So. 2d 1197 (Fla. 2001). Thus, a defendant must show specific errors, and "mere speculation regarding possible error is not enough to satisfy Strickland." See Bruno v. State, 807 So. 2d 55, 67 (Fla. 2001); see also Wright v. State, 646 So. 2d 811, 813 (Fla. 1st Dist. Ct. App. 1994) (holding that where allegations of ineffective assistance of counsel are too general or conclusory and made without sufficient reference to the facts of the case, the motion is properly denied). Defendant fails to allege specific facts explaining what statements were allegedly made to detectives or how counsel's failure to file a Motion to Suppress changed the outcome of the case. Therefore, the Court concludes that Defendant's Motion does not contain sufficient detail to warrant a basis for relief. Arbelaez v. State, 775 So. 2d 909 (Fla. 2000). Thus, the Court hereby denies ground one of Defendant's Motion.

Even if Howard had adequately pleaded his claim in the state proceeding, the state court's rejection of this claim was correct because Howard shows neither deficient performance nor prejudice. The interrogator's warning complies with Miranda's requirements. Florida v. Powell, ___ U.S. ___, 130 S. Ct. 1195, 1205 (2010) (emphasis original), specifically approves of the Miranda warnings provided at Howard's interrogation[2] when the Court reversed the Florida supreme court and stated, "Although the warnings were not the *clearest possible* formulation of *Miranda*'s right-to-counsel advisement, they were sufficiently comprehensive and comprehensible when given a commonsense reading." The import of Miranda is to convey certain rights, not to follow a particular script. "Different words were used in the advice Powell received, but they communicated the same essential message." 130 S. Ct. at 1206.

---

[2] Howard and Powell were interrogated by the same agency.

- 9 -

Ground Two:

Howard alleges that trial counsel rendered ineffective assistance by failing to call two witnesses who saw the prosecutor identify Howard to the victim during a pretrial hearing, which act by the prosecutor allegedly prejudiced the victim's in-court identification. The state post-conviction court interpreted this claim[3] as challenging counsel's failure to both (1) call two witnesses and (2) move to suppress the in-court identification by the victim. The court summarily rejected each claim as follows (citations to record omitted):

> In ground two, Defendant alleges ineffective assistance of counsel for failure to call two witnesses. Defendant fails to set forth how the omission of the prospective testimonies of Latonia Singleton and Lillie Howard prejudiced his case, and, instead, merely states that the testimony would have been favorable. As previously referenced in ground one, the law requires that the defendant in a post-conviction proceeding establish a prima facie case based upon a legally valid claim; mere conclusory allegations are not sufficient to meet this burden. See Cook v. State, 792 So. 2d 1197 (Fla. 2001). In light of the foregoing, the Court finds that Defendant's Motion is facially insufficient. Thus, the Court hereby denies ground two of Defendant's Motion.
>
> In ground three of Defendant's Motion, Defendant alleges ineffective assistance of counsel for failure to file a Motion to Suppress the in-court identification of Defendant by State's witness, Doug Neal. However, this Court finds that a review of the transcript indicates that Mr. Neal's testimony, on direct-examination, cross-examination, and re-direct, did not include an in-court identification of the Defendant. Rather, Mr. Neal testified that he had identified Defendant on the date of the alleged incident, but at no other time was he asked to identify, or point to, the Defendant in court. A review of the record reflects the following testimony took place during direct examination of witness Doug Neal:
>
> By [Prosecutor]:

---

[3] The state court correctly recognized that Howard's ground two asserted two separate, although related, claims and individually addressed each by designating them as grounds two and three. Howard's state court petition contains no specifically-designated ground three.

- 10 -

>    Q:   Okay.  Did you talk to law enforcement again about
>         this?  Did you — were you asked to make an
>         identification or anything?
>    A:   Yeah, they brought the gentleman back in a police
>         cruiser to where I was standing, and they asked me to
>         identify if that was him or not; and based on the
>         clothes he was wearing, I thought it was him.
>    Q:   You did not see his face. You just saw the back of his head?
>    A:   Correct.
>    Q:   Did you get an idea of his size or his build?
>    A:   Pretty much, yeah.
>    Q:   All right.  Okay.  And you were able to identify that person as
>         the person you saw running from the house?
>    A:   Yes.
>
> Redirect Examination
> By [Prosecutor]:
>    Q:   Okay.  I haven't asked you to identify him in court today,
>         correct?
>    A:   No.
>
> As such, Defendant has failed to allege that counsel performed deficiently pursuant to Strickland, 466 U.S. 686-87 (1984).  Therefore, Defendant's allegation is conclusively refuted by the record and the Defendant is not entitled to relief on this ground.  Anderson v. State, 627 So. 2d 1170 (Fla. 1993).  Thus, the Court hereby denies ground three of Defendant's Motion.

Because the victim never identified Howard during the trial, neither the two witnesses' testimony about seeing the prosecutor identify Howard to the victim nor a motion to suppress were necessary.  The state court's decision is a reasonable application of Strickland.

Ground Three:

Howard alleges that the trial court erred by denying his motion for a judgment of acquittal of armed burglary.  This claim was rejected on direct appeal in a per curiam decision without a written opinion.  Whether the trial court erred was mooted when the jury rejected the armed burglary charge and returned a guilty verdict for the

- 11 -

lesser-included burglary charge. Howard fails to show that the state court's decision was unreasonable.

Accordingly, Howard's petition for the writ of habeas corpus (Doc. 2) is **DENIED**. The clerk shall enter a judgment against Howard and close this case.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the

>COA has been granted and the case has received full consideration, that petitioner will not prevail.  As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. 1595.

Because jurists of reason would not fairly debate whether the petition states a valid claim of the denial of a constitutional right, a certificate of appealability is unwarranted.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed in forma pauperis on appeal is **DENIED**.  Howard must pay the full $455 appellate filing fee without installments unless the circuit court allows Howard to proceed in forma pauperis.

ORDERED in Tampa, Florida, on September 9, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE